UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-14004-MOORE/LYNCH

UNITED STATES OF AMERICA

v.

GEORGE BATY,

        Defendant.

_____

# MOTION FOR DOWNWARD DEPARTURE
# PURSUANT TO § 5K1.1 SUBSTANTIAL ASSISTANCE

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and states as follows:

On December 15, 2009, in St. Lucie County, in the Southern District of Florida, the defendant and his co-defendant, Rollie Gilliam, participated in a drug transaction with a confidential source (CS), as described below.

In a phone call leading up to the transaction, Gilliam agreed to sell the CS six hundred and fifty dollars worth of crack cocaine. At approximately 6:00 p.m. on December 15, Gilliam arrived at the CS's residence. Gilliam requested the CS to front the money, but the CS declined. Gilliam told the CS that he (Gilliam) had to go "drop it." Gilliam asked the CS if he understood what "dropping it" meant and the CS said, "yes you have to cut it." Gilliam said, "No, I have to cook it up." Gilliam then explained to the CS that he (Gilliam) would make sure the "shit" was good because his (Gilliam's) stuff was "like fire." Gilliam kept telling the CS to give him the money but the CS would not release the money, as instructed by agents. Gilliam advised the CS that he

(Gilliam) would return shortly with the dope. Gilliam was observed leaving the residence. The CS made contact with DEA Agent Matschner and advised SA Matschner that Gilliam would be back in approximately one hour.

At approximately 7:00 p.m., Gilliam called the CS and advised that he (Gilliam) was on his way. A short time later, a blue medium sized vehicle pulled into the driveway of the residence. This defendant, George Baty, was observed entering the CS's residence. Baty handed the CS a small plastic bag containing an off white substance. The CS handed Baty $640.00 and explained to Baty that the CS had purchased something to eat and was short $10.00. While engaged in conversation, Baty received a telephone call from Gilliam. Gilliam called to verify whether Baty was okay. Baty told Gilliam, "What's up partner . . . yeah, I'm straight." When asked by the CS if the crack "would weigh," Baty said yes and added, "there may even be some extra . . . we do take care of our customers." The signal was given and the takedown unit moved in and apprehended Baty.

Once Baty was secured, SA Matschner advised Baty of his *Miranda* Rights and Baty agreed to speak with law enforcement. Baty advised agents that Gilliam arrived at his residence and asked Baty to transport crack cocaine to the CS in exchange for $20.00. Baty advised agents that he had full knowledge of the crack cocaine and agreed to transport the crack cocaine for Gilliam. Baty immediately agreed to help agents and escorted the takedown unit to his own residence where Gilliam was waiting for Baty to return with Gilliam's money.

After he was charged in this case, Baty, through his attorney, immediately offered to testify truthfully regarding Gilliam's role in this drug transaction. Ultimately, Gilliam entered a plea of guilty thus rendering Baty's testimony unnecessary.[1]

---

[1] It should be noted that Baty's decision to testify against Gilliam apparently did <u>not</u> influence Gilliam's decision to enter a plea of guilty.

The Government elected to not file an 851 sentencing enhancement against Baty. The enhancement, if filed, would have subjected Baty to a 10 year mandatory-minimum rather than the 5 year mandatory-minimum he currently faces. In addition, given Baty's immediate cooperation with law enforcement and his subsequent willingness to testify at Gilliam's trial, the Government hereby files the instant Motion. **However, importantly, the parties agree to jointly recommend that Baty be sentenced at the high-end of his advisory guideline range**.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/Rinku Tribuiani*
Assistant United States Attorney
Florida Bar No. 0150990
505 South Second Street
Suite 200
Fort Pierce, Florida 34950
Telephone: 772-466-0899

**CERTIFICATE OF SERVICE**

**I hereby certify** that on June 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

s/ *Rinku Tribuiani*
Assistant United States Attorney

SERICE LIST
United States of America v. Rollie Gilliam, Jr., et al.
Case No. 10-14004-CR-MOORE/LYNCH
United States District Court, Southern District of Florida

**Edward J. Mosher**
Law Office of Edward Mosher
200 S. Indian River Drive
Fort Pierce, FL
772-467-6790
Attorney for Rollie Gilliam, Jr.
Method of Service: Via CM/ECF

**Fletcher Peacock**
Federal Public Defender's Office
109 North 2nd Street
Fort Pierce, FL 34950
772-489-2123
772-489-3997 (fax)
fletcher_peacock@fd.org
Attorney for George Baty
Method of Service: Via CM/ECF